## In the Matter of John Charles ANDERSON, IV.

### No. 45S00–0307–DI–332.

Supreme Court of Indiana.

March 18, 2004.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** On February 24, 2001, a police officer stopped the respondent, who was employed by the Lake County Prosecutor's Office, on suspicion of driving while intoxicated. When approached by the officer, the respondent showed the officer his deputy prosecutor's badge and suggested that it would "change your attitude." The respondent was charged with operating a vehicle while intoxicated (OWI) as Class A and Class C misdemeanors. His blood alcohol content (BAC) was 0.17%. At an initial hearing on April 10, 2001, the respondent's driving privileges were suspended.

On May 12, 2001, while still employed as a deputy prosecutor, the respondent was again stopped on suspicion of driving while intoxicated. As a result of the stop, he was charged with OWI and driving while his license was suspended, both Class A misdemeanors, and several infractions. The respondent's BAC was 0.20%. On July 24, 2002, the respondent pled guilty to one count of OWI as a Class A misdemeanor. All other charges were dismissed.

The Supreme Court Disciplinary Commission filed its *Verified Complaint for Disciplinary Action* on July 29, 2003. The respondent did not answer the complaint or participate in the disciplinary process.

**Violations:** The respondent's conduct violates Ind. Professional Conduct Rule 8.4(b), which prohibits a lawyer from committing a criminal act that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer; Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct prejudicial to the administration of justice; and Prof.Cond.R. 8.4(e), which prohibits a lawyer from stating or implying an ability to influence improperly a government agency or official.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than six (6) months, effective April 17, 2004, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Daniel J. Molter, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.